UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Docket No. |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| Daniel TAPIA-Lopez, | Title 8, U.S.C., Section 1326 Attempted Entry After Deportation |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **October 19, 2007** within the Southern District of California, defendant, **Daniel TAPIA-Lopez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** attempted to enter the United States with the purpose, i.e. conscious desire, to enter the United States at or near the San Ysidro, California Port of Entry, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 29th DAY OF **OCTOBER, 2007**

BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Daniel TAPIA-Lopez**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On October 19, 2007 Border Patrol Agent W. Hannan was performing linewatch duties for the Imperial Beach Border Patrol Station in the area known as "the 625 Tower". This area is approximately four and one half miles east of the port of entry at San Ysidro, California and approximately 50 yards north of the international boundary with Mexico. This area is commonly used by illegal aliens attempting to further their entry into the United State. At approximately 5 P.M Agent Hannan observed three individuals climb the border fence and run north into a parking lot. Agent Hannan responded to the area and after a brief search found eight people hiding in some shrubbery.

Agent Hannan identified himself as a Border Patrol Agent and queried the group as to their immigration status. Each of the individuals, including the defendant, **Daniel TAPIA-Lopez**, admitted to being citizens of Mexico illegally present in the United States. All were taken into custody and transported to Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on September 8, 2007** through **Calexico, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his right per the Miranda Warning. The defendant understood his rights and agreed to be interviewed without representation. The defendant admitted to being a citizen and national of Mexico illegally present in the United States. The defendant admitted to crossing the United States illegally in order to look for work.

**Executed on October 20, 2007 at 9:30 A.M.**

_____
Ismael A. Canto
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **October 19, 2007** in violation of Title 8, United States Code, Section 1326.

_____
Barbara L. Major
United States Magistrate Judge

10/20/07 at 10:02 am
Date/Time